# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH JAMES TOLMAN, <br><br> Petitioner, <br><br> v. <br><br> THE COMMONWEALTH OF PENNSYLVANIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and ALLEGHENY COUNTY DISTRICT ATTORNEY, <br><br> Respondents. | Civil Action No. 2: 16-cv-0046 <br><br> United States District Judge <br> Arthur J. Schwab <br><br> United States Magistrate Judge <br> Cynthia Reed Eddy |

## REPORT AND RECOMMENDATION

The Petitioner, Kenneth James Tolman, a former state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging a 2009 conviction from the Allegheny County Court of Common Pleas. Respondents have filed a Motion to Dismiss (ECF No. 15) in which they argue that this Court lacks habeas corpus jurisdiction as Petitioner was no longer in custody at the time he filed his habeas petition. For the reasons that follow, it is recommended that the motion to dismiss be granted, the petition for writ of habeas corpus be dismissed, and a certificate of appealability be denied.

**I.  Background and Procedural History**

Petitioner, Kenneth James Tolman ("Petitioner" or "Tolman"), was convicted of three counts of unlawful contact with a minor; three counts of criminal use of communication facility, and two counts of criminal attempt- unlawful contact with a minor.[1] *See Docket Sheet in Commonwealth v. Tolman*, CP-02-CR-0007007-2007 (C.C.P. Allegheny Cty). On September

---

[1] 18 Pa.C.S. § 6318(a)(4), 18 Pa.C.S. § 7512(a), and 18 Pa.C.S. § 901(a), respectively.

1

14, 2009, Judge Jill E. Rangos of the Court of Common Pleas of Allegheny County sentenced Tolman to a term of incarceration at Count 1 (unlawful contact with a minor ) of 6 to 12 months' incarceration and at Count 3 (criminal attempt- unlawful contact with a minor), a sentence of 6 to 12 months' incarceration to run consecutively with Count 1, plus four years of probation. No further penalty was assessed on the remaining counts. Tolman was also ordered to register as a sex offender for life. A timely notice of appeal was filed and on April 21, 2011, the Pennsylvania Superior Court affirmed Tolman's judgment of sentence. A petition for allowance of appeal was filed on behalf of Tolman and denied on December 15, 2011.

According to Tolman, on July 17, 2012, his probation was revoked on "three fictitious charges and [he] was returned to Allegheny County Jail until July 24, 2013, without being charged with any formal charges." Pet's Resp. to Mot. at 7. (ECF No. 21.) The record reflects that Tolman's supervision by the Pennsylvania Board of Probation and Parole concluded on September 6, 2015, when he completed his maximum term. (ECF No. 17.) Tolman initiated this case on January 11, 2016. (ECF No. 1.)

## II.     Discussion

28 U.S.C. § 2254 "confers jurisdiction on United States district courts to entertain petitions for habeas corpus relief only from persons who are 'in custody' in violation of the Constitution or laws or treaties of the United States." *Young v. Vaughn*, 83 F.3d 72, 73 (3d Cir. 1996). "The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). The United States Supreme Court has interpreted the "in custody" language of § 2254 "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time the petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

2

A habeas petitioner is "in custody" whenever a restraint on his liberty is either actual or imminent. *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 161 (3d Cir. 1997). The "in custody" requirement has been broadened so that it is no longer limited to incarceration. *Id*. at 160. *See also Justices of the Boston Mun. Court v. Lydon*, 466 U.S. 294, 301 (1984) (pretrial release on personal recognizance constitutes custody); *Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973) (release on personal recognizance pending execution of sentence constitutes custody); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (parole constitutes custody); *Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1988) (probation constitutes custody). The Supreme Court has "never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has <u>fully expired</u> at the time his petition is filed." *Maleng*, 490 U.S. at 491 (emphasis in original). The custody "requirement 'is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.'" *Barry,* 128 F.3d at 159 (quoting *Hensley,* 411 U.S. at 351). Although collateral consequences of a conviction may prevent a case from becoming moot if the petitioner is released from custody after he filed his petition, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng,* 490 U.S. at 492.

The record reflects that at the time Tolman initiated this habeas action, January 11, 2016, he was not in custody, as he completed his sentence in September of 2015. Tolman argues that because he is subject to lifetime reporting requirements under Pennsylvania's sex offender registration, he is "under the custody of the state of Pennsylvania to this day and will be for the remainder of my life." Pet's Resp. at 9.

3

The United States Court of Appeals for the Third Circuit has not addressed whether an individual subject to Pennsylvania's sex offender registration statute, but whose conviction and sentence have expired, can challenge the registration requirements in a habeas corpus proceeding under 28 U.S.C. § 2254. However, each of the circuit courts to consider the issue has determined that the specific state sex offender registration statute in question did not meet the custody requirement of the habeas corpus statutes. *See e.g., Wilson v. Flaherty*, 689 F.3d 332, 337 (4th Cir. 2012) (Virginia and Texas sex offender registration statutes); *Virsniek v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008) (Wisconsin sexual offender registration law); *Leslie v. Randle*, 296 F.3d 518, 523 (6th Cir. 2002) (Ohio sex offender registration statute); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California sex offender registration statute); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon sex offender registration law); *Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir. 1999) (Washington sex offender registration).[2]

Federal district courts, including at least three decisions from this Court, uniformly have found that the requirement to register is merely a collateral consequence to an applicant's conviction and does not satisfy the "in custody" requirement of habeas review. *See, e.g., Cravener v. Cameron,* Civil No. 08–1568, 2010 WL 235119 (W.D.Pa. Jan. 15, 2010); *Williams v. District Attorney of Allegheny County,* Civil No. 10-353, 2010 WL 4388073 (W.D.Pa. Oct. 29, 2010); *Story v. Dauer*, Civil No. 08–1682, 2009 WL 416277, at *1 (W.D.Pa. Feb.18, 2009) (finding a challenge to the Pennsylvania Megan's law registration requirements not cognizable in

---

[2] The Court notes that in *Virsnieks and Leslie,* the respective petitioners filed a habeas action challenging the state's sex offender registration while they were still incarcerated. The appellate courts held that even though the petitioners were incarcerated, they were not challenging their convictions or sentences, and therefore, had to meet the custody requirement of the habeas statute. *Virsnieks*, 521 F.3d at 718-20; *Leslie*, 296 F.3d at 521-23.

4

a federal habeas proceeding and holding that "[f]or purposes of implementing this [federal habeas] statute, the term 'in custody' as been interpreted not to include the requirement for registration as a sexual predator."). *See also Bonser v. District Attorney of Monroe County*, Civil No. 3:13-1832, 2015 WL 2455164 (M.D.Pa. May 22, 2015); *Coleman v. Arpaio*, Civil No. 09–6308, 2010 WL 1707031, at *3 (D.N.J. Apr. 27, 2010) (collecting district court cases holding that the requirement to register as a sex offender imposed by state statutes does not satisfy the custody requirement of federal habeas review); *Bankoff v. Pennsylvania*, Civil No. 09–2042, 2010 WL 396096 (E.D.Pa. Feb. 2, 2010). [3]

Tolman has not identified, and this Court has not been able to locate, a single case in which a court found that a habeas petitioner satisfied the § 2254 "in custody" requirement, simply because he was subject to the requirements of a sex offender registration law. Because Tolman is not "in custody," this Court lacks jurisdiction to entertain his petition for a writ of habeas corpus. Therefore, it is recommended that Respondents' motion to dismiss (ECF No. 15) be granted and the petition for a writ of habeas corpus be dismissed for lack of jurisdiction.

### III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

---

[3] *See also* Brian R. Means, Federal Habeas Manual, § 1:22 (2015) ("Registration pursuant to a sexual offender registration statute does not satisfy the 'custody' requirement. Nor does the future threat of incarceration for registrants who fail to comply with the registration statute.")

5

[certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether dismissal of the petition for lack of jurisdiction is correct.

## IV. Conclusion

For all of the above reasons, it is respectfully recommended that the motion to dismiss be granted, the petition for writ of habeas corpus be dismissed, and a certificate of appealability be denied..

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file written Objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman,* 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

Dated: April 18, 2016

cc: KENNETH JAMES TOLMAN
    1000 5th Ave., #19
    McKeesport, PA 15132
    (via U.S. First Class Mail)

    Gregory J. Simatic
    Office of Attorney General
    (via ECF electronic notification)