# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH JAMES TOLMAN, | ) |
| Petitioner, | ) 16cv0046 |
| | ) ELECTRONICALLY FILED |
| vs. | ) |
| THE COMMONWEALTH OF PENNSYLVANIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and ALLEGHENY COUNTY DISTRICT ATTORNEY, | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

On January 11, 2016, this case was initiated by the filing of a Motion for Leave to Proceed in forma pauperis. The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on April 18, 2016 (ECF No. 22) recommending that Respondents' Motion to Dismiss (ECF No. 15) be granted, that the petition for writ of habeas corpus be dismissed, and that a certificate of appealability be denied. Petitioner, Kenneth James Tolman, was mailed a copy of the Report and Recommendation at his listed address of record. The parties were advised they had fourteen days after the date of service to file written objections to the Report and Recommendation.

On April 29, 2016, Tolman filed a "Response to Reconsider Respondent's Request to Dismiss Petition for a Writ of Habeas Corpus under the Rules of Federal 28 U.S.C. § 2254," which the Court will deem to be Tolman's objections to the Report and Recommendation (ECF No. 23).

1

Tolman initially objects that his due process rights have been violated because he is without "knowledgeable legal representation." This objection can be rejected rather summarily. The constitutional right to counsel in a non-capital case extends only through trial and the first appeal as of right. *McClesky v. Zant*, 499 U.S. 467, 495 (1991). There is no constitutional right to counsel in federal habeas corpus proceedings. *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[the Supreme Court] had never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"); *Government of Virgin Islands v. Warner*, 48 F.3d 688, 692 (3d Cir. 1995).

The Court concludes that Tolman's remaining objections do not undermine the recommendation of the Magistrate Judge as to the disposition of this action. As noted in the Report and Recommendation, at the time Tolman initiated this habeas action, he was not in custody, as he completed his sentence in September of 2015. The Court agrees with the Magistrate Judge's analysis of the case law and finds that being subject to the requirements of a sex offender registration law does not satisfy the custody requirement of federal habeas review.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

**AND NOW**, this 2nd day of May, 2016:

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 15) is **GRANTED** and that the Petition for Writ of Habeas Corpus is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 22) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: KENNETH JAMES TOLMAN
1000 5th Ave., #19
McKeesport, PA 15132
(via U.S. First Class Mail)

Gregory J. Simatic
Office of Attorney General
(via ECF electronic notification)